IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER S. WEAVER,
    Petitioner,

vs.                                            Case No. 3:08cv217/MCR/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the court on Petitioner's Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 12). Petitioner seeks judgment in his favor on the ground that Respondent failed to file a timely response to the petition and continues to request extensions of time to do so (*id.*). Petitioner acknowledges that the court granted Respondent's third request for an extension of time but contends he is entitled to summary judgment because there is an absence of any factual dispute (*id.*).

        Although Petitioner labels his motion as one for summary judgment, he seeks relief in the nature of a default judgment based upon Respondent's failure to file a response to the habeas petition. Therefore, his motion is properly characterized as a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure. Pursuant to Rule 55, a default may be entered when a party against whom relief is sought has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In the instant case, as Petitioner acknowledges, the undersigned granted Respondent's third motion for extension of time to file a responsive pleading, extending the deadline to November 17, 2008 (*see* Doc. 11). As this deadline has not yet passed, Petitioner is not entitled to a default. Additionally, the Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases. *See* Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not

contemplated in habeas corpus cases. . . .").[1]

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Motion for Summary Judgment (Doc. 12) be **DENIED**.

At Pensacola, Florida this 5<u>th</u> day of November 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Other circuits agree. *See, e.g.,* <u>Lemons v. O'Sullivan</u>, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); <u>Allen v. Perini</u>, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).